UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEBORAH WALTON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DAVID K. NAJJAR, et al., )<br>)<br>Defendants. ) | No. 1:09-cv-1495-LJM-DML |

**Entry Discussing Motions to Dismiss**

For the reasons explained in this Entry, the defendants' motions to dismiss (dkt 13 and dkt 15) must be **granted.**

**Background**

Deborah Walton alleges that Magistrate Judge David K. Najjar of the Hamilton County Superior Courts violated her civil rights and her Thirteenth Amendment rights when he ordered her "into slavery."[1] What Najjar actually said was: "Get a job." This statement was made in the course of dialogue between Najjar and Walton at a hearing on a motion for proceedings supplemental and after Walton had expressed her opinion that physical impediments prevented her from earning wages through employment.

There is more. Walton also alleges that attorney Christopher Baker violated her civil rights and her Thirteenth Amendment rights when he asked Magistrate Najjar "to order Walton into slavery."

Walton sues Magistriate Najjar in his official capacity and sues both defendants in their individual capacities. She seeks money damages and injunctive relief in the form of an order directing that the Order issued in the proceeding in the state court be set aside.

Each defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted. Walton has opposed these motions.

---

[1] To the extent Walton purports to assert a claim pursuant to Title VII of the Civil Rights Act of 1964, that statute makes it unlawful "for an employer . . . to discriminate." 42 U.S.C. § 2000e-2(a)(1). Walton alleges no employment relationship between her and the defendants and such claim is therefore frivolous.

## Discussion

Rule 8(a) of the *Federal Rules of Civil Procedure* states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 12(b)(6) of those same *Rules* authorizes dismissal of complaints that state no actionable claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Dismissal under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *id.* at 558, including instances in which the plaintiff pleads herself out of court by pleading facts precluding recovery. *Hefferman v. Bass,* 467 F.3d 596, 600 (7th Cir. 2006) (citing *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006)("if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court").

Applying the above standards, Walton's complaint fails to survive the motions to dismiss. The reasons for this ruling as to Judge Najjar's motion are that in his individual capacity he is entitled to absolute immunity from the actions (judicial rulings) attributed to him. *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). In his official capacity, the claim for damages against Judge Najjar is in all respects other than name against the State of Indiana, *see Woods v. City of Michigan City,* 940 F.2d 275, 279 (7th Cir. 1991) ("Indiana law reveals that judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system. . . ."), and hence is barred by Indiana's Eleventh Amendment immunity and not actionable insofar as any claim is asserted pursuant to 42 U.S.C. § 1983 because Indiana is not a "person" subject to suit under that statute. *Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989); *Billman v. Department of Corrections,* 56 F.3d 785 (7th Cir. 1995). As to plaintiff's claim for injunctive relief, this court does not have the authority to review a state court order under these circumstances.

As to the claims against Mr. Baker, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The plaintiff does not allege the threshold requirement that Mr. Baker acted under color of state law. *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975)("It is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law.").

The motions to dismiss (dkt 13 and dkt 15) are **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  05/06/2010

*[signature: Larry J. McKinney]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana